# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LEONEL POBLETE MENDOZA,
                    *Petitioner,*

v.

ERIC H. HOLDER JR., Attorney
General,
                    *Respondent.*

No. 08-71007

Agency No.
A044-347-805

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
March 12, 2010—San Francisco, California

Filed June 2, 2010

Before: Procter Hug, Jr. and Jay S. Bybee, Circuit Judges,
and James S. Gwin,* District Judge.

Opinion by Judge Hug

*The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

7845

## COUNSEL

John Martin Pope, Pope & Associates, P.C., Phoenix, Arizona, for the petitioner.

Aric A. Anderson, Trial Attorney, U.S. Department of Justice, Washington, D.C., for the respondent.

## OPINION

HUG, Circuit Judge:

Leonel Poblete Mendoza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision reversing an order of an Immigration Judge ("IJ") and dismissing Poblete Mendoza's appeal of the IJ's subsequent order of removal. For the reasons set forth below, we deny the petition for review.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Poblete Mendoza has been a lawful permanent resident of the United States since 1993. In 2003, he was convicted of shoplifting in violation of Arizona law and of possession of a controlled substance with intent to distribute in violation of Utah law. After realizing that it had made a clerical error by convicting Poblete Mendoza of possession with intent to distribute, the Utah court corrected his conviction to simple possession. In the meantime, however, the DHS had initiated removal procedures against Poblete Mendoza in 2004 based on the theory that Poblete Mendoza's conviction was a crime relating to a controlled substance and that it was an aggravated felony. Importantly to the issue before us now, the DHS did not use the shoplifting conviction as the basis for the 2004 immigration proceedings. After Poblete Mendoza submitted the above-mentioned corrected conviction for simple posses-

sion, the IJ held that he had not been convicted of an aggravated felony and was thus eligible for cancellation. The DHS did not appeal that decision.

This did not end Poblete Mendoza's encounters with the law. In 2006, he was convicted of solicitation to possess marijuana for sale in violation of Arizona law. Accordingly, the DHS served Poblete Mendoza with a second Notice to Appear, asserting that he was subject to removal from the United States for having been convicted of two crimes of moral turpitude pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii).[1] The two convictions applied were the 2003 shoplifting conviction and the 2006 conviction for solicitation to possess marijuana for sale. The IJ found that the doctrine of res judicata barred the DHS from using Poblete Mendoza's shoplifting conviction and thus terminated the removal proceedings. The DHS appealed. The BIA sustained the DHS' appeal, holding that res judicata did not apply and that Poblete Mendoza was thus removable. The BIA remanded to the IJ for further proceedings. Before the IJ, Poblete Mendoza requested that his case be terminated because his shoplifting conviction had been vacated in the meantime. The IJ found that the conviction was vacated for rehabilitative purposes only and thus remained applicable as one of two crimes of moral turpitude. Accordingly, the IJ ordered Poblete Mendoza removed to Mexico. He appealed to the BIA, which dismissed the appeal. This appeal followed.

## II.   JURISDICTION

We have jurisdiction over a final order of removal under 8 U.S.C. § 1252(a).

---

[1]"Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable."

## III.  STANDARD OF REVIEW

When, as here, the BIA conducts an independent review of the IJ's findings, this court reviews the BIA's decision and not that of the IJ. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1061 (9th Cir. 2008). The BIA's determination of purely legal questions is reviewed de novo. *De Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir. 2004). The BIA's interpretation and application of immigration laws are entitled to deference unless the interpretation is contrary to the plain and sensible meaning of the law at issue. *Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir. 2006).

## IV.  ANALYSIS

The main issue here is whether res judicata bars the government from using Poblete Mendoza's 2003 shoplifting conviction because it did not bring it up in its first removal proceedings. Poblete Mendoza also argues that the government did not meet its burden of showing that the vacatur of his shoplifting conviction was for rehabilitative purposes. We address each argument in turn.

### A.  *Res judicata*

According to Poblete Mendoza, the government effectively waived any subsequent use of his 2003 shoplifting conviction when it chose not to bring it up in connection with the 2004 removal proceedings. The government counters that when new removal proceedings are based on a previously existing conviction and a newly arising one, the combination of convictions constitutes one new claim for res judicata purposes that could not possibly have been litigated at an earlier point in time and that res judicata thus does not apply. We agree.

[1] Res judicata bars further litigation on a claim where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *Tahoe Sierra Pres.*

*Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). The defense of res judicata may be invoked in immigration proceedings. *See Ramon-Sepulveda v. INS*, 824 F.2d 749, 750 (9th Cir. 1987). Poblete Mendoza relies on *Bravo-Pedroza v. Gonzales* where we held that "[r]es judicata bars the government from bringing a second [removal] case based on evidence . . . *that it could have presented in the first case*." 475 F.3d 1358, 1359 (9th Cir. 2007) (emphasis added). However, the government did not base its second deportation proceedings against Bravo-Pedroza on a new conviction as here. *See id.* Rather, it merely relabeled Bravo-Pedroza's existing convictions "crimes of moral turpitude" after a change of law regarding one of the underlying crimes while Bravo-Pedroza's petition for review was pending and initiated a new deportation case against him. *Id.* at 1359-60. We concluded that elementary fairness required us to apply res judicata in those circumstances. *Id.* at 1360.

In contrast, in *Molina-Amezcua v. INS*, we considered whether the former INS could, in part, base a new deportability determination on a crime that it had used in support of a previous deportability finding as to which actual deportability was waived. 6 F.3d 646, 647 (9th Cir. 1993). We concluded that the petitioner was deportable based on the "*new conviction and* on a previous one." *Id.* (emphasis added). Similarly, in *Al Mutarreb v. Holder*, we stated that "[s]hould the Service decide to initiate new proceedings against Al Mutarreb *based on facts that have arisen or come to light after his original . . . proceeding took place*," it will again bear the burden of proving his removability under 8 U.S.C. § 1229a(c)(3). 561 F.3d 1023, 1031 (9th Cir. 2009) (emphasis added).

**[2]** Here, the convictions used in connection with the second removal proceedings against Poblete Mendoza were different from those used in the first removal proceedings against him. The government could not possibly have brought up Poblete Mendoza's deportability based on the two crimes of moral turpitude here involved, namely the 2003 shoplifting

charge and the 2006 drug solicitation conviction, before the latter came into existence. Res judicata does not prevent the government from using a previous conviction in connection with second removal proceedings based on its combination with a newly arising conviction when the combination of these convictions constitutes a claim that could not possibly have been litigated during the first removal proceedings.

## B.   Vacatur for Rehabilitative Purposes

**[3]** A conviction vacated for reasons "unrelated to the merits of the underlying criminal proceedings" may be used as a conviction in removal proceedings whereas a conviction vacated because of a procedural or substantive defect in the criminal proceedings may not. *Nath v. Gonzales*, 467 F.3d 1185, 1189 (9th Cir. 2006). Poblete Mendoza argues that because the state court order vacating his conviction for shoplifting is silent on its face as to the reason for the vacatur and because the Arizona statute under which his conviction was vacated does not use the word "rehabilitated," the government has not met its burden of proving that his conviction was vacated for rehabilitative purposes. The government claims that the record underlying the vacatur order clearly shows that Poblete Mendoza's conviction was vacated for rehabilitative purposes.

**[4]** Poblete Mendoza filed a motion with the Arizona state court "to set aside [his] conviction for shoplifting" and for a restoration of "any and all rights that may be affected by the conviction." *See* Ariz. Rev. Stat. § 13-907. As grounds for his motion, Poblete Mendoza stated that "[d]efendant successfully completed his probation and was discharged therefrom . . . . No other court sanction or requirement remains to be completed." This motion was granted by use of a form order citing to Poblete Mendoza's motion to "Vacate/Set Aside Conviction/Withdraw Guilty Plea." In *Murillo-Espinoza v. INS*, we held that an alien's prior vacated conviction, which had been vacated under the precise vacatur statute under

which Poblete Mendoza's shoplifting conviction was vacated, could be used by the government in a subsequent removal proceeding. *See* 261 F.3d 771, 773-74 (9th Cir. 2001); *see also* Ariz. Rev. Stat. § 13-907 ("[T]he conviction may be used as a conviction if such conviction would be admissible had it not been set aside and may be pleaded and provided in any subsequent prosecution . . . ."). Read alongside *Nath*, *Murillo-Espinoza* stands for the proposition that any vacatur under this particular statute is a vacatur for rehabilitative purposes and that therefore, the vacated conviction may be used in subsequent removal proceedings. We thus hold that the vacatur of Poblete Mendoza's conviction for shoplifting in Arizona was for rehabilitative purposes and therefore, the government could use this conviction in his subsequent removal proceeding.

**PETITION DENIED.**