**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN AJQUI MUNOZ, | No. 06-74075 |
| Petitioner, | |
| | Agency No. A078-061-698 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 4, 2010
San Francisco, California

Before:    KOZINSKI, Chief Judge, RYMER, Circuit Judge, and KENNELLY,
District Judge.[**]

Our prior decision dismissed the asylum portion of Ajqui's petition because

this court lacked jurisdiction to review a determination that an application was not

timely filed. *See Ramadan v. Gonzales*, 427 F.3d 1218, 1222 (9th Cir. 2005).  That

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

was not a judgment on the merits that is subject to res judicata. *See Poblete Mendoza v. Holder*, 606 F.3d 1137, 1140 (9th Cir. 2010); *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985). Nor does the law of the case preclude review, since intervening cases make clear that we now have jurisdiction over pure issues of law and mixed questions of law and fact underlying the agency's "extraordinary circumstances" determination. *See, e.g.*, *Husyev v. Mukasey*, 528 F.3d 1172, 1178–79 (9th Cir. 2008); *see also United States v. Van Alstyne*, 584 F.3d 803, 813 (9th Cir. 2009) (intervening authority exception). And the rule of the mandate is beside the point, as it does not limit "the scope of a second appeal." *Van Alstyne*, 584 F.3d at 813 n.10.

The IJ erred by failing to consider whether Ajqui's post-traumatic stress disorder (PTSD), brought on by abuses he claims to have suffered in Guatemala, excused him from filing his asylum application within one year. *See* 8 C.F.R. § 208.4(a)(5)(i). The BIA simply adopted the IJ's decision with no further analysis. We therefore remand for it to address the regulation and its application to Ajqui's case. The BIA should reassess the merits of Ajqui's asylum claim if it concludes that extraordinary circumstances excuse his late filing.

We also remand for the agency to revisit its CAT determination, which was based in part on the IJ's conclusion that Ajqui had not testified credibly about his

2

brother being harmed by the military one month before the hearing. That finding lacked "a specific, cogent reason" to support it. *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003). The IJ found Ajqui's testimony "contradictory, self-serving and unconvincing" in part because Ajqui had not mentioned the incident during direct examination. But Ajqui explained he did not realize the incident was directly related to his case. The IJ also found that Ajqui offered conflicting reasons for why the army picked up his brother. But Ajqui consistently maintained that his brother was targeted because he was an indigenous Guatemalan, and simply added that the army had mistaken his brother for him after apprehending him. The BIA seemed to doubt that the army would have remembered Ajqui eight years after he left. But, without any reasoned analysis, that would be "the sort of . . . speculation that cannot be used to support an adverse credibility determination." *Singh v. INS*, 292 F.3d 1017, 1024 (9th Cir. 2002).

We do not know how the BIA would resolve the CAT claim if Ajqui were deemed credible in relating what happened to his brother in 2003. Accordingly, we remand for the agency to revisit CAT relief on the assumption that Ajqui testified truthfully about that incident.

PETITION GRANTED; REMANDED.

3

*Ajqui-Munoz v. Holder*
No. 06-74075

RYMER, Circuit Judge, concurring in part and dissenting in part:

I agree that we are not barred by res adjudicata, law of the case, or rule of the mandate from reviewing Ajqui's claim that the one-year bar applies to his asylum claim, but I would dismiss it for lack of jurisdiction. I agree that we should remand on the CAT claim.

While the IJ did not cite 8 C.F.R. § 208.4(a)(5) in her oral decision, she did identify the circumstances noted in the regulation, stating "Extraordinary circumstances may include serious illness or mental or physical disability of significant duration, legal disability, ineffective assistance of counsel, temporary protected status, and filing problems." Thus I cannot say, as a matter of law, that the IJ ignored the regulation or its stipulation that "extraordinary circumstances" may include serious illness or mental disability – the circumstance at issue here.

As I read her decision, the IJ found that Ajqui presented conflicting testimony on the reasons for delay in filing. Ajqui stated that he did not file on time because he didn't know how to apply, whereas his expert testified that Ajqui failed to apply before he was arrested because of post-traumatic stress disorder and fear of authorities. Therefore, the IJ concluded, Ajqui did not meet his burden of establishing extraordinary circumstances for failing to file within one year of entry.

In my view, we lack jurisdiction to review this determination because the facts are in dispute, so neither a pure issue of law nor a mixed question of law and fact is presented. *See Husyev v. Mukasey*, 528 F.3d 1172, 1178-79 (9th Cir. 2008).