MEMORANDUM **
Our prior decision dismissed the asylum portion of Ajqui’s petition because this court lacked jurisdiction to review a determination that an application was not timely filed. See Ramadan v. Gonzales, 427 F.3d 1218, 1222 (9th Cir.2005). That was not a judgment on the merits that is subject to res judicata. See Poblete Mendoza v. Holder, 606 F.3d 1137, 1140 (9th Cir.2010); Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir.1985). Nor does the law of the case preclude review, since intervening cases make clear that we now have jurisdiction over pure issues of law and mixed questions of law and fact underlying the agency’s “extraordinary circumstances” determination. See, e.g., Husyev v. Mukasey, 528 F.3d 1172, 1178-79 (9th Cir.2008); see also United States v. Van Alstyne, 584 F.3d 803, 813 (9th Cir.2009) (intervening authority exception). And the rule of the mandate is beside the point, as it does not limit “the scope of a second appeal.” Van Alstyne, 584 F.3d at 813 n. 10.
The IJ erred by failing to consider whether Ajqui’s post-traumatic stress disorder (PTSD), brought on by abuses he claims to have suffered in Guatemala, excused him from filing his asylum application within one year. See 8 C.F.R. § 208.4(a)(5)(i). The BIA simply adopted the IJ’s decision with no further analysis. We therefore remand for it to address the regulation and its application to Ajqui’s case. The BIA should reassess the merits of Ajqui’s asylum claim if it concludes that extraordinary circumstances excuse his late filing.
*187 We also remand for the agency to revisit its CAT determination, which was based in part on the IJ’s conclusion that Ajqui had not testified credibly about his brother being harmed by the military one month before the hearing. That finding lacked “a specific, cogent reason” to support it. Alvarez-Santos v. INS, 332 F.3d 1245, 1254 (9th Cir.2003). The IJ found Ajqui’s testimony “contradictory, self-serving and unconvincing” in part because Ajqui had not mentioned the incident during direct examination. But Ajqui explained he did not realize the incident was directly related to his case. The IJ also found that Ajqui offered conflicting reasons for why the army picked up his brother. But Ajqui consistently maintained that his brother was targeted because he was an indigenous Guatemalan, and simply added that the army had mistaken his brother for him after apprehending him. The BIA seemed to doubt that the army would have remembered Ajqui eight years after he left. But, without any reasoned analysis, that would be “the sort of ... speculation that cannot be used to support an adverse credibility determination.” Singh v. INS, 292 F.3d 1017, 1024 (9th Cir.2002).
We do not know how the BIA would resolve the CAT claim if Ajqui were deemed credible in relating what happened to his brother in 2003. Accordingly, we remand for the agency to revisit CAT relief on the assumption that Ajqui testified truthfully about that incident.
PETITION GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.