**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MILAN HERACOVICI, | No. 10-73424 |
| Petitioner, | Agency No. A023-376-994 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

Milan Heracovici, a native and citizen of Romania, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") removal order. We have jurisdiction under

8 U.S.C. § 1252. We review de novo questions of law, and review for substantial

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Ali v. Holder*, 637 F.3d 1025, 1028-29 (9th Cir. 2011). We deny in part and grant in part the petition for review, and remand for further proceedings.

The BIA correctly determined that the government was not precluded by res judicata from charging Heracovici with removability on the basis of his 2001 and 2003 convictions. The IJ's termination without prejudice of a previous removal proceeding did not constitute "a final judgment on the merits" of whether these convictions qualified as removable offenses. *See Paulo v. Holder*, 669 F.3d 911, 917 (9th Cir. 2011). With respect to Heracovici's 1999 and 2000 convictions, the BIA correctly determined that the government was not precluded from using one of these prior convictions, in combination with a new conviction, to charge Heracovici with removability under 8 U.S.C. § 1227(a)(2)(A)(ii). *See Poblete Mendoza v. Holder*, 606 F.3d 1137, 1141 (9th Cir. 2010).

The BIA erred in concluding that Heracovici is removable under 8 U.S.C. § 1227(a)(2)(B)(i) on the basis of his 2003 conviction for solicitation to sell or transport narcotic drugs, in violation of Arizona Revised Statutes §§ 13-1002 and 13-3408. As the government concedes, a conviction under Arizona's generic solicitation statute does not qualify as a removable controlled substance offense. *See Leyva-Licea v. INS*, 187 F.3d 1147, 1149 (9th Cir. 1999). We therefore grant

the petition for review in part and remand for further proceedings.

To the extent Heracovici challenges the denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), his challenge fails. With respect to asylum and withholding, substantial evidence supports the agency's determination that the government rebutted the presumption of a well-founded fear of future persecution by submitting evidence of a fundamental change in country conditions in Romania. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir. 2003) (denial of asylum and withholding supported by substantial evidence where BIA "provide[d] an individualized analysis of how changed conditions will affect the specific petitioner's situation") (internal quotation marks omitted). Substantial evidence also supports the BIA's denial of CAT relief on the ground that Heracovici failed to demonstrate that it is more likely than not he will be tortured if he is removed to Romania. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (denial of CAT relief supported by substantial evidence where petitioner's testimony was "speculative").

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

10-73424