**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINA LIU, | No. 10-72888 |
| Petitioner, | Agency No. A099-720-537 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 10, 2014
Pasadena, California

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

Lina Liu, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's ("IJ") denial of her applications for asylum and withholding of removal

under the Immigration and Nationality Act ("INA"). We have jurisdiction under 8

U.S.C. § 1252, and we grant her petition.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

I

To demonstrate entitlement to asylum or withholding of removal on the basis of past persecution, an applicant must present substantial evidence of "'(1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control.'" *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010) (quoting *Navas v. I.N.S.*, 217 F.3d 646, 655–56 (9th Cir. 2000)).

A

Substantial evidence does not support the BIA's conclusion that Liu did not suffer past persecution or have a well-founded fear of persecution on account of a protected ground.[1] The BIA concluded that any persecution that Liu suffered was not on account of a political opinion but rather were economic in nature. However, the activities engaged in by Liu that resulted in her arrest and persecution—protesting government eviction policies and organizing large congregations to do so—were expressions of political opinion, even if the grievances protested were economic in nature. *See Baghdasaryan v. Holder*, 592

---

[1] Where, as here, the BIA issues its own opinion, we review that opinion and not the IJ's decision. *Poblete Mendoza v. Holder*, 606 F.3d 1137, 1140 (9th Cir. 2010).

F.3d 1018, 1024 (9th Cir. 2010) (holding that whistle-blowing on business corruption was an expression of political opinion, where the corruption was the extortion of bribes from business owners with the permission of the government). An issue becomes "political" within the meaning of the INA where it involves a debate between the government and citizens. *See Vera-Valera v. I.N.S.*, 147 F.3d 1036, 1038 (9th Cir. 1998) (deeming a construction project a political issue where the issues surrounding it were debated within a trade union, and the government supported one side). Liu was not required to endorse through her actions a broader political position or theory. *See Grava v. I.N.S.*, 205 F.3d 1177, 1181 (9th Cir. 2000) ("The Board erred in concluding that Grava's whistleblowing could not constitute an expression of political opinion because he did not concomitantly espouse political theory.").

Here, Liu and her group expressed the political opinion that the Chinese government had failed to provide adequate notice, adequate compensation, and alternative housing before evicting tenants from government-requisitioned residential housing. She protested the governmental act of requisitioning her apartment and evicting her. The protest was conducted at the Chinese government's Demolition and Relocation Office. She was arrested by the government at the protest. Before leaving police custody, she was forced to sign

an agreement, upon penalty of imprisonment, that she would not attend political activities and would report to the police weekly. When a petitioner suffers persecution because of protest against government policies and is subsequently threatened with imprisonment if she attends political activities, she has established a sufficient nexus to a protected ground. The BIA erred in concluding otherwise.

B

Although it is not clear from the BIA opinion that it reached the issue, the IJ held that Liu also failed to establish that she had suffered persecution within the meaning of the INA. In its response to the petition for review, the government urges us to deny the petition on this basis.

The IJ found that the harm Liu suffered did not rise to the level of persecution because (1) the bulk of the harm was inflicted by inmates, not the government, and (2) the harm did not rise to the level of persecution.

The fact that the bulk of the persecution was not directly inflicted by the government is not relevant because such harm qualifies if it is inflicted by "forces the government is either unable or unwilling to control." *Afriyie*, 613 F.3d at 931. Here, Liu was taken to a police station and placed in a room with inmates, who were directed by the police to "play with her." The inmates subsequently beat her, off and on, for eight days. Because the beatings were inflicted at the suggestion of

the government, and the government did not intervene to stop the beatings, the IJ erred in determining that the beatings were not inflicted by the government or "forces the government is either unable or unwilling to control." To the extent that the BIA adopted the IJ's finding, it also erred.

The IJ's determination that the harm suffered did not rise to the level of persecution is also not supported by substantial evidence. It is well-settled that "detentions combined with physical attacks which occur on account of a protected ground can establish persecution." *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006). Here, while in police custody, Liu was punched, kicked, and beaten over the course of eight days. These actions constitute persecution within the meaning of the INA. *See Bondarenko v. Holder*, 733 F.3d 899 (9th Cir. 2013) (detained petitioner subjected to two beatings on kidneys and legs with rubber-covered batons and one severe strike to head); *Guo v. Ashcroft*, 361 F.3d 1194 (9th Cir. 2004) (detained petitioner struck in face, kicked in stomach and legs, and beaten with a plastic pole). The government relies on *Gu*, in which we held that the harm suffered by the petitioner did not rise to the level of persecution, but *Gu* is inapposite. In *Gu,* the petitioner was interrogated for two hours and hit in the back with a rod approximately ten times. *Gu*, 454 F.3d at 1018–19. Here, the beatings

extended over eight days. The harm inflicted here is more akin to *Bondarenko* and *Guo* than *Gu*.

C

For these reasons, the BIA erred in concluding that Liu had not established past persecution.

III

If past persecution is established, the petitioner is entitled to a rebuttable presumption of a well-founded fear of future persecution. *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1083 (9th Cir. 2013) (en banc); 8 C.F.R. § 208.13(b)(1). "'[T]he burden shifts to the government to demonstrate that there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear.'" *Henriquez-Rivas*, 707 F.3d at 1083 (quoting *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004)).

Because we conclude that the BIA erred in holding that Liu did not suffer past persecution, we grant the petition and remand to the BIA for its reanalysis of the case in light of the presumption afforded by past persecution. *See I.N.S. v. Ventura*, 537 U.S. 12, 16–18 (2002) (remanding to the BIA to determine in the first instance whether the government has met its burden to rebut this presumption). We also remand Liu's withholding of removal claim because the BIA rejected

-6-

Liu's asylum claim and therefore did not independently consider whether or not Liu's evidence meets the higher burden of proof required for withholding of removal. *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1053 (9th Cir. 2005) (remanding for consideration of withholding of removal under *Ventura*).

**PETITION GRANTED; REMANDED.**