**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 16 2016



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUNHAI YAN, | No. 11-73922 |
| Petitioner, | Agency No. A089-970-468 |
| v. | |
| LORETTA LYNCH, United States Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2016[**]

Before:    HAWKINS and MURGUIA, Circuit Judges; and MURPHY, III,[***]
District Judge

Sunhai Yan, a native and citizen of the People's Republic of China, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Stephen Joseph Murphy, III, District Judge for the U.S. District Court for the Eastern District of Michigan, sitting by designation.

of an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Yan has waived the CAT claim by failing to argue it in his brief. See Martinez-Serrano v. I.N.S., 94 F.3d 1256, 1259–60 (9th Cir. 1996). We have jurisdiction under 8 U.S.C. § 1252. When, as here, the BIA conducts an independent review of the IJ's findings, we review the opinion and not the IJ's decision. Poblete Mendoza v. Holder, 606 F.3d 1137, 1140 (9th Cir. 2010). We review for substantial evidence the factual findings, applying the deferential standard governing adverse credibility determinations created by the REAL ID Act. Shrestha v. Holder, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We will deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination: Yan's contradictory testimony about whether he was under police surveillance, Yan's asylum application omission of his father's detention by police on account of his religion, and Yan's inconsistent testimony regarding the dates of his father's detention and death evidence a lack of truthfulness. See Ling Huang v. Holder, 744 F.3d 1149, 1154 (9th Cir. 2014) (the Court gives "special deference to a credibility determination that is based on demeanor" (quoting *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999))); Shrestha, 590 F.3d at 1041 ("[O]nly the most extraordinary circumstances will justify overturning an adverse credibility determination." (quoting *Jibril v.*

*Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005))).

We reject Yan's contention that the omitted and contradictory testimony about his father is a minor issue that is not central to his claim. See Shrestha, 590 F.3d at 1043 ("Inconsistencies no longer need to 'go to the heart' of the petitioner's claim to form the basis of an adverse credibility determination."). Even if Yan accidentally conflated the dates of his father's detention and death, there is ample other evidence supporting the adverse credibility determination. Yan's story "lack[ed] the ring of truth," he resorted to "rote testimony as if he were reciting a memorized script," and he appeared "sufficiently aware of U.S. asylum law so as to try to graft some kind of qualifying statutory ground onto his application, such as religious faith." See Ling Huang, 744 F.3d at 1155 (upholding adverse credibility determination based on superficial testimony that "could easily have been memorized, and therefore did little to bolster [petitioner's] veracity" (internal quotation marks omitted)).

Because the BIA identified "specific and cogent reasons supporting [its] adverse credibility determination," Yan's remaining explanations — including the contention that cultural differences and lack of education caused his unresponsive and uncomfortable demeanor — do not compel a contrary result. Singh v. Lynch, 802 F.3d 972, 977 (9th Cir. 2015) (quoting *Bingxu Jin v. Holder*, 748 F.3d 959, 965 (9th Cir. 2014)). In the absence of credible testimony, Yan's asylum and withholding of

removal claims fail. <u>See</u> <u>Farah v. Ashcroft</u>, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**