**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THAVYSACK THAMMAVONGSA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   17-73403

Agency No. A025-314-008

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 16, 2020[**]
San Francisco, California

Before:  LEE and BUMATAY, Circuit Judges, and SILVER,[***] District Judge.

Thavysack Thammavongsa, a native of Laos, petitions for review of an order

of the Board of Immigration Appeals ("BIA") denying his motion to reopen his

removal proceedings.  We review the BIA's denial of a motion to reopen for abuse

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

of discretion and its determination of legal questions de novo. *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016). We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition for review.

1. In 2008, Thammavongsa pleaded guilty to possession for sale of a controlled substance under California Health & Safety Code ("CHSC") § 11378, an aggravated felony. One year later, a California court vacated that conviction and instead allowed Thammavongsa to enter a plea to a non-aggravated felony—transportation of a controlled substance under CHSC § 11379. Thereafter, Thammavongsa was ordered removed to Laos based on the § 11379 conviction. Over seven years later, in 2017, a California court vacated the § 11379 conviction under California Penal Code § 1203.4, a rehabilitative statute, and allowed Thammavongsa to plead guilty to simple possession of a controlled substance under CHSC § 11377, *nunc pro tunc*.

Thammavongsa moved to reopen and terminate his removal proceedings based on the vacatur of his § 11379 conviction. The BIA denied the motion as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) ("[T]he motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal"). The BIA also held that the 2017 expungement of Thammavongsa's § 11379 conviction does not excuse the late filing of his motion to reopen or present an "exceptional circumstance" to warrant reopening proceedings *sua sponte*. *Lona v.*

2

*Barr,* 958 F.3d 1225, 1230 (9th Cir. 2020); *see* 8 C.F.R. § 1003.2(a). The BIA did not abuse its discretion in denying the motion to reopen.

2. We have held that a conviction vacated for rehabilitative purposes (and not on the merits) remains a valid conviction for purposes of immigration. *See Lopez v. Sessions*, 901 F.3d 1071, 1075 (9th Cir. 2018) ("For immigration purposes, a person generally continues to stand convicted of an offense notwithstanding a later expungement under California Penal Code § 1203.4.") (simplified); *see also Poblete Mendoza v. Holder,* 606 F.3d 1137, 1141–42 (9th Cir. 2010) (holding an alien's expunged conviction after successful completion of probation did not affect federal removal proceedings). Accordingly, the expungement of Thammavongsa's § 11379 conviction under California Penal Code § 1203.4 had no impact on the validity of his removal order and, thus, the BIA did not err in refusing to reopen his removal proceedings.

3. Thammavongsa also asserts that *Lujan-Armendariz v. INS,* 222 F.3d 728 (9th Cir. 2000), applies to this case and so he no longer stands convicted of an offense for immigration purposes. In *Lujan-Armendariz*, we recognized an exception to the general rule that a person remains convicted of an offense for immigration purposes notwithstanding a later expungement under a state's rehabilitative statute. *Id.* at 749–50. This exception applies only to convictions for "first-time simple drug possession offenses." *Id*. at 749. We later abrogated this

3

exception and apply it only to pre-2011 convictions. *Nunez-Reyes v. Holder*, 646 F.3d 684, 694 (9th Cir. 2011) (en banc).

While it is true that Thammavongsa pleaded guilty to simple possession in 2017, Thammavongsa ignores that his conviction of removal remains the § 11379 offense, which is not subject to the *Lujan-Armendariz* exception. *Vega-Anguiano v. Barr*, 942 F.3d 945, 947 (9th Cir. 2019) (quoting *Ramirez-Altamirano v. Holder* 563 F.3d 800, 812 (9th Cir. 2009) (holding the *Lujan-Armendariz* exception applies only to convictions that are "an equivalent or lesser charge" than simple possession). A transportation violation under § 11379 is not "an equivalent or lesser charge" of simple possession under § 11377. *See Ruiz-Vidal v. Lynch*, 803 F.3d 1049, 1054 (9th Cir. 2015) (describing § 11377 as a "lesser included" offense of § 11379). Indeed, § 11377 is a misdemeanor with a maximum term of imprisonment of no more than one year, while § 11379 carries a sentence of up to four years. *Compare* CHSC § 11377, *with* CHSC § 11379. Accordingly, the *Lujan-Armendariz* exception does not apply to Thammavongsa's offense of removal and it remains valid for immigration purposes.

4. Given that Thammavongsa's 2009 transportation conviction remains a conviction for immigration purposes and that *Lujan-Armendariz* does not apply, the BIA did not abuse its discretion in denying Thammavongsa's motion to reopen.

**DENIED**.