NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAVIER EDUARDO ACOSTA-FRANCO, | No.    18-73389 |
| Petitioner, | Agency No. A206-105-242 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 11, 2021
San Francisco, California

Before:  WALLACE and M. SMITH, Circuit Judges, and RESTANI,** Judge.

Javier Acosta-Franco, a native citizen of Mexico, petitions for review of a

Board of Immigration Appeals' (Board) decision affirming the Immigration Judge's

(IJ) (collectively, the Agency) denial of his application for asylum, withholding of

removal, and withholding of removal pursuant to the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

(CAT). The parties are familiar with the facts, so we do not recount them here except as necessary to provide context to our ruling. We have jurisdiction pursuant to 8 U.S.C. § 1252.

Where the Board incorporates the findings of the IJ as its own, we review both the Board and IJ decisions. *Ahir v. Mukasey*, 527 F.3d 912, 916 (9th Cir. 2008). In reviewing the Board's decision, "we consider only the grounds relied upon by that [A]gency." *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (citations omitted). We review the IJ's factual findings for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). These findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (citation omitted). We review the Agency's legal conclusions de novo. *Santiago-Rodriguez*, 657 F.3d at 829. We deny the petition.

Acosta-Franco worked in a clothing factory in Chihuahua, Mexico. He had a dispute with his employer that allegedly stemmed from the employer's tax fraud scheme. The employer allegedly threatened Acosta-Franco and his brother, but he never acted on his threats. Shortly thereafter, Acosta-Franco began to search for another job. However, his employer's wife accused Acosta-Franco and Acosta-Franco's mother and sister of stealing approximately 350 pairs of pants. Acosta-

Franco was arrested and charged with "robo" (robbery or theft).[1] Acosta-Franco alleges that his employer continued to threaten Acosta-Franco and his family during his prosecution, although the threats were never carried out. Acosta-Franco was convicted in 2002. Acosta-Franco was sentenced to 4 years and 3 months of imprisonment. He was permitted to remain on bond and obtain employment during the pendency of his appeal, but he fled to the United States after learning that his appeal was denied. Acosta-Franco sought asylum, withholding of removal, and CAT relief.

The IJ held that Acosta-Franco was credible, although there were serious inconsistencies in his testimony and the evidence regarding his criminal conviction; specifically, Acosta-Franco's insistence that he was innocent of the crime. The IJ held that Acosta-Franco was ineligible for asylum and withholding of removal relief. The IJ reasoned that Acosta-Franco was convicted of a "serious nonpolitical crime" based on his Mexican robbery conviction for stealing hundreds of pairs of pants from his former employer to sell them for a profit. *See* 8 U.S.C. §§ 1158(b)(2)(A)(iii), 1231(b)(3)(B)(iii). The IJ also held that Acosta-Franco was not entitled to CAT

---

[1] We deny Acosta-Franco's motion to take judicial notice of Article 261 of the Chihuahua Penal Code, and its English translation, pursuant to Rule 44.1 of the Federal Rules of Civil Procedure. Pet'r's Notice of Foreign Law and Req. for Judicial Notice, Dkt. No. 28 (Mar. 2, 2020); *see* Fed. R. Civ. P. 44.1 ("The court's determination must be treated as a ruling on a question of law."); *see also de Fontbrune v. Wofsy*, 838 F.3d 992, 997–98 (9th Cir. 2016).

relief because he had failed to establish a clear probability of torture by his former employer or that such torture would be with the Mexican government's acquiescence or willful blindness. The Board affirmed.

Acosta-Franco contends for the first time on appeal that his Mexican conviction has been expunged, and thus, according to Acosta-Franco, there is not substantial evidence to support the Agency's holding that he committed a serious, non-political crime. We disagree. As an initial matter, the alleged expungement issue is not properly before us because he did not litigate the question before the Agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). We, therefore, do not have jurisdiction to review this issue. *Id.* at 678. Regardless, the evidence in the record does not clearly support his argument. The document, translated into English by Acosta-Franco, states only that Acosta-Franco's sentence has been prescribed so that he no longer must serve jail-time for his crime. Moreover, we do not recognize a state's policy decision to expunge an otherwise valid conviction if the reason for the expungement is "unrelated to the merits of the underlying criminal proceedings." *Poblete Mendoza v. Holder*, 606 F.3d 1137, 1141 (9th Cir. 2010) (citation omitted). Acosta-Franco has not shown that the reason for the prescription of his sentence was related to "a procedural or substantive defect in the criminal proceedings." *Id.*

Second, Acosta-Franco asserts that his conviction was not a serious,

4

nonpolitical crime. He argues that his "robo" conviction could qualify as theft rather than robbery, and that we should use a categorical approach and compare how the Mexican and American legal systems view the crime to determine whether his conviction qualifies as serious. Acosta-Franco cannot cite supportive, in-circuit precedent for this framework because it is not how we analyze whether a crime is a serious, nonpolitical crime. The test is whether there are serious reasons to believe that the petitioner committed a serious, nonpolitical crime. 8 U.S.C. § 1158(b)(2)(A)(iii); *see also Guan v. Barr*, 925 F.3d 1022, 1031–32 (9th Cir. 2019) (holding that the "serious reasons" standard is essentially a probable cause standard and a nonpolitical crime is one "that was not committed out of genuine political motives") (citations and quotation marks omitted).

Furthermore, the government is correct that the conviction must have been for a serious crime because he was given a substantial sentence of over four years. *See Matter of Ballester-Garcia*, 17 I. & N. Dec. 592, 595 (B.I.A. 1980) (holding that, in determining whether a crime is serious, factors such as the petitioner's description of the crime, the value of the property involved, and the length of the sentence imposed should be considered). In the end, Acosta-Franco did not present evidence to show that the mandatory bar does not apply; instead, he claimed innocence of the crime during his testimony to the Agency despite the second declaration in which he admitted to the Mexican police that he sold the jeans on-the-side. We hold that

5

substantial evidence supports the Agency's holding that Acosta-Franco's conviction qualifies as a serious, nonpolitical crime so that he is ineligible for asylum and withholding of removal. We also hold that "convicted" is equivalent to "committed" for purposes of sections 1158(b)(2)(A)(iii) and 1231(b)(3)(B)(iii).

Finally, Acosta-Franco maintains that substantial evidence does not support the Agency's decision that he failed to establish a clear probability of torture and government acquiescence to such torture. Acosta-Franco initially asserted a fear that his former employer would interfere with his attempts to find employment if he were returned to Mexico, as he had in the past. He now mentions in passing the threats he received from his former employer to make Acosta-Franco disappear, although the former employer never acted on these threats. Yet he has failed to show evidence of government acquiescence to his former employer's actions beyond conspiracy theories. Acosta-Franco points to other possible bases for torture, but he does not provide evidence of past persecution or a likelihood of future persecution beyond hypotheticals and old news reports.

He has acknowledged that he never experienced scrutiny, let alone torture, in Mexico beyond his criminal prosecution for stealing from his former employer. *See* 8 C.F.R. §§ 208.18(a)(1), (a)(2). We, therefore, hold that substantial evidence supports the Agency's conclusion that he failed to prove that he would "more likely than not" be tortured if removed to Mexico. *See* 8 C.F.R. §§ 208.16(c)(2), 208.17(a).

6

**PETITION DENIED.**