NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS TAPIA-FIERRO,<br><br>  Petitioners,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>  Respondent. | No.   23-312<br><br>Agency No. A091-456-635<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 2, 2024[**]

Before:  OWENS, LEE, and BUMATAY, Circuit Judges.

Jose Luis Tapia-Fierro, native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for cancellation of removal.  We have jurisdiction through 8 U.S.C. § 1252(a).  His petition is denied.

---

 [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**]  The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

1.     Because Tapia-Fierro was convicted of two crimes involving moral turpitude—(1) a petty theft conviction and (2) a reckless manslaughter conviction—we deny his petition to review the removability charges.  *See* 8 U.S.C. § 1227(a)(2)(A)(ii).  Our court reviews whether a state conviction constitutes a crime involving moral turpitude de novo.  *Ortiz v. Garland*, 25 F.4th 1223, 1226 (9th Cir. 2022).  To determine whether a conviction is a crime involving moral turpitude, we identify the elements of the statute of conviction, and then compare them to the generic definition of a crime involving moral turpitude.  *Id.*

Tapia-Fierro conceded that his conviction for petty theft with priors, in violation of California Penal Code § 666, is a crime involving moral turpitude.  *See Ballinas-Lucero v. Garland*, 44 F.4th 1169, 1173 (9th Cir. 2022).  His reckless manslaughter conviction, violating Arizona Revised Statute § 13-1103(a)(1) is also a crime involving moral turpitude because it involves reckless conduct causing human death.  *See Ortiz*, 25 F.4th at 1227 (holding California's voluntary manslaughter statute, which requires recklessness, is a crime involving moral turpitude because "the harm—the unlawful killing of a human—stands at the apex").  And Tapia-Fierro's argument that he was voluntarily intoxicated is not a defense for reckless manslaughter.  Ariz. Rev. Stat. Ann. § 13-105.

2.     Substantial evidence supports the BIA's finding that Tapia-Fierro is removable for illegally reentering the United States by falsely claiming United States

citizenship. *See* 8 U.S.C. § 1227(a)(3)(D)(i). An alien "who falsely represents . . . himself to be a citizen of the United States for any purpose or benefit . . . is deportable." 8 U.S.C. § 1227(a)(3)(D)(i). Tapia-Fierro admitted to lying about being a United States citizen so that he could enter the country in 2001. And even though a district court found Tapia-Fierro had been erroneously removed two months before, that does not justify his illegal reentry. *See Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 498 (9th Cir. 2007) (explaining aliens "have no constitutional right to force the government to re-adjudicate a final removal order by unlawfully reentering the country"). Further, Tapia-Fierro's claim that he is Native American is unsupported. So Tapia-Fierro's false representation that he was a United States citizen is grounds for removal.

3. Tapia-Fierro argues the Department of Homeland Security was foreclosed from issuing new removability charges on remand because it waived its ability to do so. But there was no final order for removal in December 2012, when Homeland Security brought new removability charges against Tapia-Fierro. *See* 8 C.F.R. § 1003.30 (permitting Homeland Security to "[a]t any time during deportation or removal proceedings," bring "additional or substituted charges of deportability"). Because there was no final judgment at this point, Tapia-Fierro's res judicata argument does not apply here. *Poblete Mendoza v. Holder*, 606 F.3d 1137, 1140 (explaining res judicata requires a "final judgment on the merits").

4. Because Tapia-Fierro failed to raise any colorable legal or constitutional claims, we deny his petition to review the IJ's discretionary denial of his application to cancel removal. *See* 8 U.S.C. § 1252(a)(2)(D); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Tapia-Fierro claims the IJ erred by not fully considering his procedural history. But he must overcome the presumption that the IJ considered all relevant evidence. *See Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095–96 (9th Cir. 2000). The record shows the IJ's decision was based on controlling agency precedent, a review of all relevant factors and evidence, and a balancing of the positive and negative factors in Tapia-Fierro's case. And any claim by Tapia-Fierro that the IJ's questioning of his criminal history prejudiced his case is not supported by the record.

5. Tapia-Fierro also argues his due process rights were violated. He argues that because his pro bono counsel was denied the opportunity to appear telephonically in 2019, he was denied a right to counsel. He alleges that because of the IJ's denial, his counsel had to withdraw. But that assertion is contradicted by the record. The record indicates multiple reasons existed for his pro bono counsel's withdrawal, and that Tapia-Fierro further consented to the withdrawal. The IJ also gave Tapia-Fierro reasonable time to find new counsel. *See Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019) (explaining that the fact-specific inquiry to determine "reasonable time" includes "the number of continuances" and barriers to finding

4

counsel, including petitioner's incarceration and "inability to speak English" (simplified)). Here, the IJs granted two continuances after Tapia-Fierro's counsel withdrew. And Tapia-Fierro had nearly two years after his counsel withdrew to find new counsel. In late 2021, the IJ warned Tapia-Fierro that she would assume he was proceeding pro se in the next hearing if he still hadn't obtained an attorney by then. The proceedings were conducted in English at Tapia-Fierro's request. So the IJ "t[ook] reasonable steps to ensure" Tapia-Fierro's "statutory right to counsel [wa]s honored." *Hernandez-Gil v. Gonzales*, 476 F.3d 803, 808 (9th Cir. 2007).

**PETITION DENIED.**