**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAIRO BRAVO-PEDROZA,
                    *Petitioner,*

v.

ALBERTO R. GONZALES, Attorney
General,
                    *Respondent.*

No. 03-73999

Agency No.
A36-144-276

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
January 10, 2007—San Francisco, California

Filed February 6, 2007

Before: John T. Noonan and Richard R. Clifton,
Circuit Judges, and George P. Schiavelli,* District Judge.

Opinion by Judge Noonan

---

*The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

1465

## COUNSEL

Mónica M. Ramírez, San Francisco, California, for the petitioner.

Blair T. O'Connor, Assistant United States Attorney, Washington, D.C., for the respondent.

## OPINION

NOONAN, Circuit Judge:

This case presents the question of whether res judicata bars the Secretary of Homeland Security (the Secretary) from initiating a second deportation case on the basis of a charge that he could have brought in the first case, when, due to a change of law that occurred during the course of the first case, he lost the first case. We hold that the Secretary is barred.

### FACTS AND PROCEEDINGS

Jairo Bravo-Pedroza (Bravo), the petitioner, is a native and citizen of Colombia, who was admitted as a lawful permanent

resident of the United States in 1977. In 1985, he was convicted under Cal. Penal Code § 211 of robbery. In 1986, he was convicted under Cal. Penal Code § 459 of burglary. In 1990, the Immigration and Naturalization Service (the INS) charged Bravo with deportability on the basis of these two convictions involving moral turpitude. The Immigration Judge found him deportable but granted him relief under former Immigration and Naturalization Act § 212(c), 8 U.S.C. § 1182(c) (1990). In 1992, he was convicted under Cal. Vehicle Code § 10851(a) of taking a vehicle without the consent of the owner. In 1996, he was convicted under Cal. Penal Code § 666 of petty theft with priors and sentenced to prison for seven years.

On June 28, 2001, the INS charged Bravo with removability as an alien whose 1996 conviction of petty theft with priors constituted an aggravated felony. Bravo was taken into custody.

On October 2, 2001, an immigration judge found Bravo removable as charged. On February 7, 2002, the Board of Immigration Appeals upheld the order of removal. Bravo petitioned this court for review. While this petition was pending, on June 6, 2002, we held that a conviction for a petty theft does not qualify as an aggravated felony. *United States v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir. 2002) (en banc). On December 16, 2002, this court sua sponte remanded Bravo's case to the Board of Immigration Appeals.

The Code of Federal Regulations provided: "At any time during deportation or removal proceedings, additional or substituted charges of deportability and/or factual allegations may be lodged by the Service in writing." 8 C.F.R. § 3.30 (2003) (now 8 C.F.R. § 1003.30 (2007)). No additional charges were brought against Bravo. On May 30, 2003, the Board of Immigration Appeals, in light of *Corona-Sanchez*, vacated the removal order and terminated removal proceedings.

A few days later, on June 4, 2003, the Secretary as the successor of the INS filed new charges of removability against Bravo on the grounds that his 1985 conviction for robbery and his 1986 conviction for burglary as well as the 1996 conviction for petty theft with priors were crimes of moral turpitude. Bravo responded that the burglary and robbery convictions were the subject of the waiver of deportability granted him in 1990, and that his petty theft conviction had been litigated and concluded in his favor in May, 2003. The IJ upheld the charges based on the burglary, robbery, and petty theft convictions.

Bravo appeals.

## ANALYSIS

**[1]** One general proposition, two cases, and one federal regulation guide our judgment. The general proposition: Courts may assume "that Congress has legislated with an expectation that [res judicata] will apply except when a statutory purpose to the contrary is evident." *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 108 (1991) (citation omitted). We find nothing in the relevant statutes making res judicata inapplicable.

**[2]** The two cases: Res judicata bars the government from bringing a second case based on evidence (a birth certificate) that it could have presented in the first case. *Ramon-Sepulveda v. INS*, 824 F.3d 749, 750-51 (9th Cir. 1987) (per curiam) (*Ramon-Sepulveda I*). This case appears to be dispositive. The government offers a distinction and invokes the statement: "[I]n the administrative law context . . . res judicata [is] applied flexibly." *Artukovic v. INS*, 693 F.3d 894, 898 (9th Cir. 1982). The government argues that a decision to bring new charges is like a prosecutor's decision to bring new criminal charges: this exercise of discretion is not barred by res judicata.

**[3]** The regulation is that already cited: 8 C.F.R. § 3.30 (2003). Plainly it states that new charges may be bought *during* the pendency of immigration proceedings. It says nothing about new charges after one proceeding is over. By regulation, the government has provided a means for adding charges, a procedure which the Secretary seeks to circumvent here by starting a new case. We have not approved of government attempts to "bypass its own regulations" in the immigration context in the past, *Ramon-Sepulveda v. INS*, 863 F.2d 1458, 1461 (9th Cir. 1988) (*Ramon-Sepulveda II*), and will not condone it here.

**[4]** This conclusion is not only one of elementary fairness in what is, after all, a civil suit. Our reading is reinforced by the regulation governing motions to reopen. The government may reopen at any point during the pendency of the proceedings it has brought. 8 C.F.R. § 3.2 (2003) (now 8 C.F.R. § 1003.2 (2007)). In our case, the government could have taken account of the change in law that wrecked its first case and moved to reopen with the new charges any time between June 6, 2002 and May 30, 2003. It did not do so.

**[5]** The government had abundant opportunity to exercise the judgment which it describes as prosecutorial discretion. It could have appealed the IJ's 1990 decision that prevented the government from using the burglary and robbery convictions, in tandem, as a basis for removal. It could have moved to reopen after our decision of June 2002. Having done neither, the Secretary cannot avoid the application of the general principle of res judicata.

We resolve the question reserved in *Valencia-Alvarez v. Gonzales*, 469 F.3d 1319, 1324 n.7 (9th Cir. 2006). There, the petitioner's res judicata argument was rejected because he had not obtained a prior final judgment on the merits in a separate action. *Id.* at 1323-24. That basic requirement of res judicata is met here, distinguishing Bravo's case from *Valencia-*

*Alvarez.*

PETITION FOR REVIEW GRANTED.