**Santiago Leoncio LOPEZ–
BAZANTE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–73512.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2007.

Filed April 20, 2007.

---

132

Robert Pauw, Esq., Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Leslie McKay, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOULD, PAEZ, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

The Board of Immigration Appeals ("BIA") dismissed Santiago Lopez–Bazante's ("Petitioner") appeal from the order of an immigration judge ("IJ"), affirming the IJ's finding of removability and denial of a discretionary waiver of inadmissibility under former § 212(c) of the Immigration and Naturalization Act, 8 U.S.C. § 1182(c) (repealed 1996).[1] Petitioner petitions for review of the BIA's decision on grounds (1) that the BIA erroneously rejected Petitioner's claim that § 321(a) of IIRIRA was impermissibly applied retroactively to the pre-IIRIRA convictions, and (2) that the IJ failed to exercise discretion in denying relief under § 212(c). In response to our call for supplemental briefing, Petitioner also contends under *Bravo–Pedroza v. Gonzales,* 475 F.3d 1358 (9th Cir.2007), that, under the principles of res judicata, the IJ's previous order to terminate deportation proceedings in 1995 should preclude operation of the December 12, 2002 removal order under 8 U.S.C. § 1227(a)(2)(A)(iii) (aggravated felon bar).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Section § 1182(c) was repealed by § 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") of 1996, Pub. L. No. 104–208, 110 Stat. 3009–546. Because Petitioner pled guilty before this repeal, he remained eligible to apply for § 212(c) relief. *INS v. St. Cyr,* 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

Finally, Petitioner alleges that the BIA incorrectly upheld the IJ's denial of a motion to reopen based on a post-hearing letter by Petitioner's therapist, Dr. Richard Barrett King.

■ Petitioner contends that retroactive application of § 321 of IIRIRA making aggravated felons removable was unconstitutional because it does not have a rational connection to a legitimate legislative purpose and would upset "settled expectations" so as to be impermissibly retroactive.[2] These theories are foreclosed by our precedent. *See Cordes v. Gonzales*, 421 F.3d 889, 895–96 (9th Cir.2005) (concluding that § 321 of IIRIRA survives rational basis scrutiny because "Congress has a legitimate interest in protecting society from the commission of aggravated felonies . . ., and legislation that deports aliens who presently commit or who have committed those acts in the past is a rational means of furthering that interest") (internal quotation marks and citation omitted) (original alteration); *Aragon–Ayon v. INS*, 206 F.3d 847, 853 (9th Cir. 2000) ("We are satisfied that Congress intended the 1996 amendments to make the aggravated felony definition apply retroactively to all defined offenses whenever committed.").

■ As for Petitioner's claim that the IJ failed to exercise discretion in denying § 212(c) relief, we reject the asserted constitutional underpinnings of this claim and decline to exercise jurisdiction under the REAL ID Act.[3] *See Martinez–Rosas*, 424 F.3d at 930; *see also Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001) ("[A] petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb."). Here, Petitioner objects first that the IJ improperly determined that Petitioner was not rehabilitated in light of Dr. King's testimony that Petitioner had accepted responsibility for the sexual misconduct and would likely not reoffend, and second that the IJ gave undue consideration to lack of rehabilitation outweighing other positive factors.[4] However, all these are factors that the IJ considered in his discretion, and the IJ's balancing of these factors is not subject to judicial review under 8 U.S.C. § 1252(a)(2)(B). *See Martinez–Rosas*, 424 F.3d at 930 (rejecting petitioner's assertion of constitutional violation as "nothing more

2. We lack jurisdiction to review of "any final order of removal against an alien who is removable by reason of having committed [an aggravated felony]." *See* 8 U.S.C. § 1252(a)(2)(C). Under the REAL ID Act of 2005, however, we retain jurisdiction over "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court." *See* Pub. L. No. 109–13, Div. B, 119 Stat. 231, 310 (May 11, 2005) (codified at 8 U.S.C. § 1252(a)(2)(D)). Because Petitioner has alleged "colorable" legal claims of impermissible retroactivity and res judicata, we have jurisdiction to review this part of his petition. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

3. The REAL ID Act left intact the prohibition on judicial review of denials of discretionary relief. *See* 8 U.S.C. § 1252(a)(2)(B). However, "[w]e retain jurisdiction to determine our jurisdiction." *Aragon–Ayon*, 206 F.3d at 849 (9th Cir.2000).

4. When the BIA conducts its own review of the IJ's findings, we review the decision of the BIA rather than the IJ. *Sinotes–Cruz v. Gonzales*, 468 F.3d 1190, 1194 (9th Cir.2006) (internal citation omitted). "To the extent the BIA incorporates the IJ's decision as its own, we treat the IJ's statements of reasons as the BIA's and review the IJ's decision." *Id.* (internal citation omitted). The BIA found no error in this analysis in concluding that Petitioner had failed to carry his burden to warrant a favorable exercise of discretion.

than an argument that the IJ abused her discretion").

■ Also, we reject Petitioner's res judicata claim under *Bravo–Pedroza*.[5] We recognize an exception to res judicata " 'where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation.' " *See Clifton v. Attorney Gen. of Cal.*, 997 F.2d 660, 663 (9th Cir.1993) (quoting *State Farm v. Duel*, 324 U.S. 154, 162, 65 S.Ct. 573, 89 L.Ed. 812 (1945)); *see also Artukovic v. INS*, 693 F.2d 894, 898 (9th Cir.1982) (noting that doctrine of res judicata is flexibly applied in the administrative law context and holding that the government could not use offensive collateral estoppel based on a "hearing convened thirty years ago for a different purpose raising different issues under a different statute").

Bravo–Pedroza is distinguishable because in that case, after the change in law that disqualified petty theft as an aggravated felony, the government let the BIA's vacatur of the removal order stand without seeking to reopen the judgment under 8 C.F.R. § 1003.2. Here, by contrast, the intervening change in law in 1996 under IIRIRA triggered the exception to res ju-

dicata because, in 1995, the government could not have taken advantage of the expanded definition of aggravated felonies, which included "sexual abuse of a minor," [6] to deport Petitioner. The government's inaction in challenging the IJ's 1995 termination of deportation proceedings based on Petitioner's alleged crimes involving moral turpitude may have resulted in a final judgment with respect to the 1994 second degree rape and sodomy convictions as crimes involving moral turpitude. Under IIRIRA, however, the situation was "altered" where the expanded class of crimes that qualify as aggravated felonies swept Petitioner's 1994 convictions into the new grounds for removal. *See Clifton*, 997 F.2d at 663. Therefore, the import of the 1994 convictions, as a factual basis for removability, can be relitigated. *See Artukovic*, 693 F.2d at 898.

■ Finally, the IJ did not abuse his discretion in denying the motion to reopen based on Dr. King's post-hearing letter.[7] A motion to reopen will not be granted unless the IJ is satisfied that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. *See* 8 C.F.R. § 1003.23(b)(3). The

---

5. In *Bravo–Pedroza*, the petitioner had convictions for robbery (1985) and burglary (1986), was found deportable, and granted relief under former § 212(c). 475 F.3d at 1358. In 1996, he was convicted for petty theft, which later prompted the government to charge Bravo–Pedroza as removable because, in its view, the petty theft conviction was an aggravated felony. *Id.* While removal proceedings were pending, however, we decided that petty theft was not an aggravated felony. *Id.* (internal citations omitted). On remand, the BIA vacated the removal order. *Id.* In response, the government sought to refile charges of removability, alleging that both the 1985–86 convictions and the 1996 conviction were crimes involving moral turpitude. *Id.* We held that res judicata barred the government from filing new charges of removability be-

cause (1) the government did not appeal the IJ's grant of § 212(c) relief in connection with the 1985–86 convictions; and (2) the government did not move under 8 C.F.R. § 1003.2 to reopen the removal proceedings that arose from the 1996 petty theft conviction. *Id.*

6. *See* § 321(a)(1) of IIRIRA (codified as amended at 8 U.S.C. § 1101(a)(43)(A)).

7. We review the IJ's decision to deny a motion to reopen for abuse of discretion. *See Medina–Morales v. Ashcroft*, 371 F.3d 520, 528 (9th Cir.2004) (determining that "[d]enials of motions to reopen are not acts over which a *statute* gives the Attorney General such pure discretion" so as to bar judicial review) (original emphasis).

BIA correctly affirmed the IJ's conclusion that the proffered evidence "was not sufficient to disturb the previous decision." The IJ reached the decision regarding the issue of rehabilitation based on the totality of the evidence, and not solely on the basis of Dr. King's expert opinion. The issue on which Dr. King would have commented was whether Petitioner's 7-year-old daughter witnessed the sexual activity between Petitioner and Petitioner's stepdaughter, and whether Petitioner told his daughter not to say anything afterward. The letter indicates that Dr. King had no direct knowledge of what Petitioner's daughter experienced, but only that she remained quiet on this when interviewed. The daughter's silence during her interview with Dr. King is not necessarily inconsistent with her statements to police that she saw Petitioner lying on top of the victim in the family's living room and that the victim was saying "no." The letter primarily reiterates Dr. King's view that Petitioner was not in denial, that he had accepted responsibility and that he was rehabilitated. The letter would not have changed the IJ's prior determination of the circumstances of the sexual misconduct, nor his conclusion regarding Petitioner's insufficient rehabilitation. Denial of the motion to reopen on this evidence was not an abuse of discretion.

**PETITION DENIED in part and DISMISSED in part.**

RAWLINSON, Circuit Judge, concurring:

I concur in the result.