**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROMAN RESURRECCION, | No. 10-73708 |
| Petitioner, | Agency No. A044-205-394 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 8, 2014
San Francisco, California

Before: SCHROEDER, LIPEZ[**], and CALLAHAN, Circuit Judges.

Roman Resurreccion, a native and citizen of the Phillippines, challenges a

decision of the Board of Immigration Appeals ("BIA") finding him removable as an

aggravated felon. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). Petitioner Resurreccion claims

that the doctrine of res judicata barred the resumption of his deportation proceedings

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kermit V. Lipez of the United States Court of Appeals
for the First Circuit, sitting by designation.

after an Immigration Judge ("IJ") entered a termination order, and he asserts that the subsequently entered removal order must therefore be vacated.

Petitioner's argument is unavailing. The IJ ordered proceedings terminated on February 3, 2009. That order was not yet final when the Department of Homeland Security filed new charges two days later, on February 5, because the agency had reserved its right to appeal, and it had thirty days to decide whether to do so. *See* 8 C.F.R. § 1003.39 (stating that, "[e]xcept when certified to the Board, the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken[,] whichever occurs first"). As noted by the BIA, an agency regulation permits additional charges to be brought at "any time" during deportation or removal proceedings. 8 C.F.R. § 1003.30.[***] The Board's view that "any time" includes the period during which a party is contemplating whether to move forward with a reserved appeal is not unreasonable and, hence, is entitled to our deference. *See Lezama-Garcia v. Holder*, 666 F.3d 518, 525 (9th Cir. 2011). Because the charges at issue here were thus brought "during the pendency of immigration

---

[***] We recognize that the February 5 charges were alleged in a new Notice to Appear ("NTA") rather than in a Form I-261, which would have been the proper way to add additional charges to preexisting proceedings. In the circumstances of this case, we decline to second guess the BIA's decision to allow the charges to be filed through an NTA.

proceedings," *Bravo-Pedroza v. Gonzales*, 475 F.3d 1358, 1360 (9th Cir. 2007) (emphasis omitted), they were not barred by res judicata.

The petition is therefore **DENIED**.