**Yuli Marisela VELARDE–FLORES, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 12–71317.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 20, 2015.*

Filed Nov. 25, 2015.

John Martin Pope, Pope & Associates, PC, Phoenix, AZ, for Petitioner.

Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, OIL, Robert Michael Stalzer, Trial, U.S. Department of Justice, Washington, DC, for Respondent.

Before: M. SMITH and N.R. SMITH, Circuit Judges, and SCHEINDLIN,** Senior District Judge.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Shira Ann Scheindlin, Senior District Judge for the U.S. District Court for

MEMORANDUM ***

Petitioner Yuli Marisela Velarde–Flores challenges the decision of the Board of Immigration Appeals (BIA) to affirm an Immigration Judge's finding of inadmissability based on Velarde–Flores' false claim of United States citizenship under 8 U.S.C. § 1182(a)(6)(C)(ii). Velarde–Flores argues that the doctrines of res judicata and collateral estoppel bar the government from charging her with a false claim of citizenship because, at the time of the violation, the government had permitted Petitioner to withdraw her application for admission and avoid expedited removal proceedings resulting from her false claim of citizenship. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.

As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. In this case, the determinative issue is whether a United States immigration inspector's decision at the border to allow Petitioner to voluntarily withdraw her application for admission and return to her country of citizenship—rather than be placed in expedited removal proceedings—qualifies as a judicial determination on Velarde–Flores' false claim of citizenship, thereby triggering the doctrines of res judiciata and collateral estoppel. In addressing this issue, we review de novo the BIA's interpretation of pure legal questions. *See Rivera–Peraza v. Holder*, 684 F.3d 906, 909 (9th Cir.2012). We review the BIA's findings of fact for substantial evidence. *See Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir.2009).

As held by the Supreme Court, and adopted by this Circuit in *Miller v. County of Santa Cruz*, 39 F.3d 1030 (9th Cir.1994), res judicata only applies when an agency is "acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." *United States v. Utah Constr. and Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966); *see also Valencia–Alvarez v. Gonzales*, 469 F.3d 1319, 1323–24 (9th Cir. 2006). Similar criteria apply to the doctrine of collateral estoppel, which applies when four criteria are met: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *See Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir.2012) (citing *Montana v. United States*, 440 U.S. 147, 153–154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)).

Here, the record reveals that there was no judicial determination, no final judgment on the merits, and no opportunity for adequate litigation. Rather, the immigration inspector's exercise of discretion was no more than an act of administrative grace, enabling Petitioner to depart the United States voluntarily "in lieu of a formal determination concerning [her] admissibility," as indicated on her I–275 form. Petitioner's reliance on *Bravo–Pedroza v. Gonzales*, 475 F.3d 1358 (9th Cir.2007), is inapposite. There, the petitioner had been placed in prior removal proceedings resulting in a "final judgment on the merits." *Id.* at 1360. In contrast, Velarde–Flores has not been the subject of prior removal proceedings. Because there is no prior judgment upon which res judicata or collateral estoppel might operate, we hold

---

the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that these doctrines do not prevent the government from charging Petitioner with making a false claim of citizenship under 8 U.S.C. § 1182(a)(6)(C)(ii).

**PETITION DENIED.**

---

* The Honorable Vince Chhabria, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.