**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RENE ALBERTO HERRERA-
CASTANOLA, AKA Rene Alberto
Herrera,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 12-72798

Agency No. A030-562-653

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 20, 2015
San Francisco, California

Before: M. SMITH and N.R. SMITH, Circuit Judges and SCHEINDLIN,[**] Senior
District Judge.

Rene Alberto Herrera-Castanola, native and citizen of Mexico, petitions for

review of the decision by the Board of Immigration Appeals ("BIA") dismissing

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Shira Ann Scheindlin, Senior District Judge for the
U.S. District Court for the Southern District of New York, sitting by designation.

his appeal from an immigration judge's ("IJ") decision finding him removable.[1]

Herrera-Castanola asserts that the IJ and the BIA erred in determining that (1) they lacked authority to apply the doctrine of equitable estoppel, and (2) the doctrine of res judicata should not be applied in these removal proceedings. We have jurisdiction to review final orders of removal and questions of law under 8 U.S.C. § 1252. We deny the petition for review.

1.  Only Article III courts have the authority to apply the doctrine of equitable estoppel against the government. *See Chang v. United States*, 327 F.3d 911, 924 (9th Cir. 2003) (noting that equitable relief "lie[s] outside the scope and jurisdiction of the [IJs] and the BIA"). Thus, neither the IJ nor the BIA had the authority to apply the doctrine of equitable estoppel. *See id.*

2.  Applying de novo review, we conclude that the doctrine of res judicata is not appropriate in this case. *See Clark v. Bear Stearns & Co. Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992). Herrera-Castanola argues that the Department of Homeland Security ("DHS") is prohibited under the doctrine of res judicata from pursuing this removal action because (A) the May 2004 district court order precluded DHS from asserting he is an alien, and (B) the reinstatement of the charges against

---

[1] Herrera-Castanola does not challenge the BIA's conclusion that he is removable based on his aggravated felony convictions. Thus, that issue is waived. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

Petitioner violated our holding in *Bravo-Pedroza v. Gonzales*, 475 F.3d 1358 (9th Cir. 2007). We disagree.

A. Even though the elements of res judicata are met in this action, there are exceptions to the application of this general rule. *See United States v. Meza-Soria*, 935 F.2d 166, 169 (9th Cir. 1991). The Restatement (Second) of Judgments provides that "relitigation of [an] issue in a subsequent action between the parties is not precluded" when "[t]here is a clear and convincing need for a new determination of the issue . . . because of the potential adverse impact of the determination on the public interest . . . ." Restatement (Second) of Judgments § 28(5)(a) (1982).

In this case, we conclude that applying the district court's May 2004 decision—that the government was estopped from arguing that Herrera-Castanola was an alien—in this removal action would be contrary to the intent of Congress. Herrera-Castanola has a lengthy criminal history for which he was legally removed from the United States in August 1999. Nevertheless, he later reentered the United States without being admitted or paroled and, after the district court's May 2004 decision, he was convicted and sentenced on two separate crimes. We cannot condone Herrera-Castanola's recent and repeated criminal conduct. In light of these circumstances, we conclude that the government misconduct found by the

3

district court does not outweigh Congress's mandate to remove aliens with serious criminal histories. *See, e.g.*, Real ID Act Pub. L. 109-13, § 106, 119 Stat. 302, 310 (2005); Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, §§ 423, 440, 442, 110 Stat. 1214, 1272, 1276–80; Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104–208, § 321, 110 Stat. 3009–627; *see also Pondoc Hernaez v. INS*, 244 F.3d 752, 757 (9th Cir. 2001) (noting that in enacting the Illegal Immigration Reform and Responsibility Act, "Congress was obviously concerned with speeding up the deportation of criminal aliens"). Applying res judicata in this case would frustrate Congress's intent and create an "adverse impact of the determination on the public interest." Restatement (Second) of Judgments § 28(5)(a). Therefore, we decline to apply res judicata to the district court's May 2004 decision in the context of this removal proceeding.

B. We also reject Herrera-Castanola's res judicata claim under *Bravo-Pedroza*. *Bravo-Pedroza* is distinguishable from this case. In that case, DHS attempted to use convictions available to it during the initial proceedings (which failed) to initiate new removal proceedings. 475 F.3d at 1359-60. We held that DHS was barred by res judicata from "initiating a second deportation case on the basis of a charge that [it] could have brought in the first case, when, due to a

change of law that occurred during the course of the first case, [it] lost the first case." *Id.* at 1358. Here, the government did not lose its first removal proceeding. Nothing in *Bravo-Pedroza* suggests that res judicata applies to reinstatement of the same charges following an initial (successful) removal.[2] Thus, *Bravo-Pedroza* is inapplicable here.

**PETITION FOR REVIEW DENIED.**

---

[2] Nor does *Bravo-Pedroza* suggest that DHS would have been precluded from bringing removal proceedings based on offenses committed *after* the initial removal.