FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

<table>
<tr><td>

MARIO SANDOVAL-GOMEZ, AKA
Milton Alvarado-Sandine,

        Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

</td><td>

No.   10-73448

Agency No. A092-563-965

ORDER

</td></tr>
</table>

Before: GOULD and N.R. SMITH, Circuit Judges, and ENGLAND,[*] District
Judge.

Respondent's Motion to Amend the Judgment is GRANTED. The prior

memorandum disposition filed on May 17, 2021, is hereby amended concurrent

with the filing of the amended disposition today.

---

[*] The Honorable Morrison C. England, Jr., Senior United States District
Judge for the Eastern District of California, sitting by designation.

FILED

**NOT FOR PUBLICATION**

JUN 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO SANDOVAL-GOMEZ, AKA Milton Alvarado-Sandine, | No. 10-73448 |
| Petitioner, | Agency No. A092-563-965 |
| v. | AMENDED MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 3, 2014
Resubmitted May 17, 2021
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and ENGLAND,[**] District Judge.

Mario Sandoval-Gomez petitions for review of the dismissal by the Board of

Immigration Appeals ("BIA") of his appeal of the order of removal. The BIA

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Morrison C. England, Jr., Senior United States District Judge for the Eastern District of California, sitting by designation.

found Sandoval-Gomez removable based on his conviction for attempted arson under California Penal Code section 455 as an aggravated felony, 8 U.S.C. § 1227(a)(2)(A)(iii). Sandoval-Gomez challenges his removal, alleging that (1) the immigration judge ("IJ") improperly permitted the Government to lodge new charges on remand from the BIA; and (2) the BIA erred in concluding that his attempted arson conviction qualified as an aggravated felony under the federal explosives statute, 18 U.S.C. § 844.[1]

1.    The IJ properly permitted the Government to lodge new charges. The BIA's January 2009 remand order did not preclude the Government from pursuing new removal charges based on Sandoval-Gomez's attempted arson conviction. The BIA vacated its prior order entirely and broadly instructed the IJ to conduct "any further proceedings the [IJ] deems appropriate." Thus, the Government was permitted to bring additional charges.[2] *See Fernandes v. Holder*, 619 F.3d 1069, 1074 (9th Cir. 2010) ("An articulated purpose for the remand, without any express limit on scope, is not sufficient to limit the remand such that it forecloses

_____

[1] Sandoval-Gomez was also found removable based on a controlled substance conviction. He did not challenge that conclusion.

[2] Because there was no final order of removal, neither res judicata nor law of the case apply. *See Bravo-Pedroza v. Gonzales*, 475 F.3d 1358, 1360 (9th Cir. 2007). Further, there was no violation of the BIA's regulations, because the case was remanded.

2

consideration of other new claims or motions that the IJ deems appropriate or that are presented in accordance with relevant regulations."); *see also* 8 C.F.R. § 1003.30.

2.     The BIA erred when it concluded that Sandoval-Gomez was removable based on California Penal Code section 455.  The Government bears the burden of proving that Sandoval-Gomez is removable on all charges of removability.  *See Cheuk Fung S-Yong v. Holder*, 600 F.3d 1028, 1034 (9th Cir. 2010); *see also Pereida v. Wilkinson*, 141 S. Ct. 754, 761 (2021).  Sandoval-Gomez argues that California Penal Code section 455 is not an aggravated felony, because it punishes conduct not included in 18 U.S.C. § 844(f)(1) or § 844(i).  *See* 8 U.S.C. § 1101(a)(43)(E)(i) (defining aggravated felony).  We agree.

California Penal Code section 455 is divisible.  *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).  The felony therein can be committed in one of three ways:  (1) "willfully and maliciously attempt[ing] to set fire to or attempt[ing] to burn . . . any structure, forest land, or property"; (2) "willfully and maliciously . . . aid[ing], counsel[ing] or procur[ing] the burning of any structure, forest land or property"; or (3) "willfully and maliciously . . . commit[ting] any act preliminary thereto, or in furtherance thereof."  Cal. Penal Code § 455; *see also* CALJIC 14.84;

3

*People v. Carrasco*, 77 Cal. Rptr. 3d 912, 916 (Ct. App. 2008). Only attempting to set fire or to burn any structure or property would be an aggravated felony.

Based on the record before us, we cannot determine how Sandoval-Gomez committed the attempted arson offense. Thus, the record is inconclusive as to whether Sandoval-Gomez was convicted of an aggravated felony offense. *See Medina-Lara v. Holder*, 771 F.3d 1106, 1113 (9th Cir. 2014) ("When a court using the modified categorical approach to determine whether an underlying conviction is a predicate offense relies solely on the link between the charging papers and the abstract of judgment, that link must be clear and convincing."). The Government failed to meet its burden of proof. Accordingly, the BIA erred when it concluded that Sandoval-Gomez was removable based on a conviction of an aggravated felony.[3]

Although the BIA reviewed Sandoval-Gomez's appeal as an application for cancellation of removal, the BIA did not actually rule on his application. Instead, the BIA concluded that Sandoval-Gomez was convicted of an aggravated felony, and the conviction made him statutorily ineligible for cancellation of removal.

---

[3] The additional elements under 8 U.S.C. § 844(f)(1) and § 844(i) relating to the property (i.e., owned by the United States or used in interstate commerce) are purely "jurisdictional" and do not apply for purposes of applying the categorical approach. *See In re Vasquez-Muniz*, 23 I. & N. Dec. 207, 210–12 (BIA 2002) (citing *United States v. Castillo-Rivera*, 244 F.3d 1020 (9th Cir. 2001)).

4

Accordingly, because Sandoval-Gomez is not removable based on an aggravated felony, the issue of whether Sandoval-Gomez is eligible for cancellation of removal remains unresolved. *See Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019) (holding that we "cannot affirm the BIA on a ground upon which it did not rely" (citation omitted)).

Thus, we remand this matter back to the BIA for further proceedings, including to determine in the first instance whether Sandoval-Gomez is eligible for cancellation of removal. The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW DENIED in part, GRANTED in part, and REMANDED.**